IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CEDRIC GAINES )
)
v. ) NO: 3:15-0436
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable John T. Nixon, Senior District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 20, 2015 (Docket Entry No. 9), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 24) of Defendant Anisha Woods-Anderson. Plaintiff opposes the motion. *See* Docket Entry Nos. 44-48. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Cedric Gaines ("Plaintiff") is an inmate within the custody of the Davidson County Sheriff's Office ("DCSO") currently confined at the Metro-Davison County Detention Facility ("MDCDF").

On April 15, 2015, he filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking monetary damages and "for his sentence to be terminated," based upon allegations that his constitutional rights were violated because staff at the MDCDF did not provide him with proper medical treatment. *See* Complaint (Docket Entry No. 1) at 5-6. Specifically, Plaintiff alleges that he was scheduled to be taken for an appointment at an outside hospital for a medical evaluation and/or treatment of his broken finger but that he was not taken to the appointment. *Id*. He alleges that when he put in a sick call slip about his finger in January 2015, Anisha Woods-Anderson ("Woods-Anderson" or the "Defendant"), a medical records clerk at the MDCDF, told him that she had falsely recorded in the computer system that Plaintiff had already been transported for the appointment. Plaintiff alleges that he never received any medical attention for the broken finger and that he has suffered pain due to the continued delay in treatment. *See* Complaint at 5, and Motion to amend/correct complaint (Docket Entry No. 5).

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff alleged a colorable constitutional claim against Defendant Woods-Anderson in her individual capacity based on the allegations that she had been deliberately indifferent to Plaintiff's serious medical needs. *See* Docket Entry No. 9 at 2. The Court dismissed all other claims raised by Plaintiff. *Id*. Upon Defendant's filing of her answer, a scheduling order was entered that provided for a period of pretrial activity in the action. *See* Docket Entry Nos. 19 and 20.

In her motion for summary judgment, Defendant acknowledges that Plaintiff was scheduled to be transported to an outside medical appointment on June 6, 2014, but asserts that the undisputed evidence shows that he declined to go to this appointment because he wanted to attend a relative's funeral service occurring on the same day. Defendant asserts that Jail Management System ("JMS")

2

used by correctional officers to record inmate movement at the MDCDF, nonetheless, indicated that Plaintiff was taken for his appointment and that she relied upon this information to mark his appointment as complete in the Inmate Health System computer program used to schedule offsite inmate medical appointments. Defendant contends that she was not alerted to this error until approximately six month later when Plaintiff filed a sick call request in January 2015, about the missed appointment and his finger. Defendant further contends that it is undisputed that, within the month following January 06, 2015, Plaintiff was seen, evaluated, and x-rayed regarding his finger by Dr. James Bridges, who chose not to reschedule Plaintiff's appointment.

In support of her motion, Defendant relies upon her own affidavit (Docket Entry No. 28) and copies of Plaintiff's medical and prison records attached thereto, the affidavit of James. Bridges, M.D. (Docket Entry No. 26), and the affidavit of Audrey Rimmer (Docket Entry No. 27) with copies of the prison grievance policy and records attached thereto. Defendant argues that summary judgment in her favor is warranted because: 1) Plaintiff failed to properly exhaust his available administrative remedies prior to filing his lawsuit and his action is, thus, subject to dismissal under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e; 2) there is no evidence supporting a claim that she treated Plaintiff with deliberate indifference as to any serious medical need; and, 3) there is no evidence that Plaintiff suffered a physical injury that is sufficiently serious to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e).

In response to the motion, Plaintiff contends that disputed issues of fact exist that require the denial of the summary judgment motion and that his claim proceed to a trial. Pointing to several purported inconsistencies between Defendant's affidavit and the medical and facility records, he contends that Defendant should have seen the form he filled out declining to go to the appointment

and should have known that he had not been taken to the appointment. *See* Response (Docket Entry No. 45) and Memorandum in opposition (Docket Entry No. 47). He contends that Defendant's failure to properly investigate the matter and properly note that he had not been taken for his appointment caused his appointment to not be rescheduled and that there is no plausible explanation for Defendant's actions other than she intentionally marked his appointment as "complete" in order to deny him medical care. *Id*. Plaintiff further asserts that he has properly exhausted his administrative remedies and that his broken finger is sufficiently serious to satisfy the physical injury requirement of the PLRA. *Id*. In support of his opposition, Plaintiff relies upon his own affidavit (Docket Entry No. 48) and a Response (Docket Entry No. 44) to Defendant's Statement of undisputed facts.

Also before the Court are Defendant's reply (Docket Entry Nos. 51-52) and Plaintiff's sur-reply (Docket Entry No. 55).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess

the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. ANALYSIS

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a

5

prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

After review of the entire record in the action, the Court finds that summary judgment should be granted to Defendant. There is no evidence before the Court upon which any reasonable jury could find that Defendant acted with deliberate indifference toward Plaintiff's serious medical needs. The undisputed evidence shows that Defendant is not a medical care provider and had no direct role in the provision of medical care to Plaintiff. Defendant is a medical records clerk responsible for inputing information concerning appointments for inmates at the MDCDF. Although it is apparent that Defendant made an error in noting in the computer system that Plaintiff had been taken for the outside medical appointment, she has offered evidence supporting her assertion that the error was simply a mistake. Plaintiff clearly disagrees with this assertion, but there is no evidence upon which any reasonable jury could find that Defendant acted with the high degree of culpability required for a constitutional claim under Section 1983. At best, Plaintiff has shown negligence on the part of

Defendant, which is not sufficient to support his claim. Furthermore, it is undisputed that (1) it was Plaintiff himself who caused the missed appointment when he chose to attend funeral services for a relative instead of going to the appointment on the day in question and (2) that Plaintiff did not raise the issue about the missed appointment until approximately six months later. This evidence tends to negate any conclusion that a serious medical need existed on the day in question. Finally, it is undisputed that, within a few weeks after the missed appointment it was brought to the attention of the medical staff and Plaintiff was examined by Dr. Bridges, who determined that no further appointment was necessary regarding Plaintiff's finger injury.

Plaintiff has attempted to create a constitutional claim against Defendant Woods-Anderson where none exists. The evidence before the Court, even when viewed in the light most favorable to Plaintiff, simply fails to rise to the level necessary to support a constitutional claim under the Eighth Amendment. Any factual disputes do not amount to genuine issues of material fact that require resolution by a jury. Because the Court finds that Defendant is entitled to summary judgment in her favor based upon a lack of evidence supporting the merits of Plaintiff's constitutional claim, it is not necessary to address Defendant's alternative arguments for dismissal because of Plaintiff's alleged non-compliance with the PLRA.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 24) of Defendant Anisha Woods-Anderson be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

                                                BARBARA D. HOLMES
                                                United States Magistrate Judge